# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH M. ANDERSON, | 3:16-cv-00056-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 57 |
| THE STATE OF NEVADA *ex rel* NDOC, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Request for Leave of Court to Conduct Depositions by Written Questions (ECF No. 57). Plaintiff seeks to depose by written questions "two NDOC employees: Main Maintenance and Chaplain at L.C.C." (*Id.* at 1.) The "maintenance" employee is unnamed but "Chaplain" appears to be Anthony Carrasco. (*Id.* at 5.) Plaintiff suggests one (or perhaps both) of the employees will be retiring October 2017. (*Id.* at 3.) Plaintiff additionally seeks "an in camera ex parte leave to take written depositions." (*Id.* at 5.)

At a discovery conference conducted on June 14, 2017, the court addressed Defendants' potentially dispositive motion for summary judgment. The Defendants' motion, as to all Defendants except Parks, was predicated on either a failure to exhaust or being barred by the statute of limitations. (ECF No. 27.) The motion as to Parks, however, was based mostly on a factual argument Parks did not undertake "oppressive cell searches." (*Id.* at 5.) The court granted in part Defendants' motion to stay (ECF No. 41), stating as follows:

> The court discusses with Plaintiff the matter of exhaustion when it is raised in a motion for summary judgment. The court explains if Defendants are able to show a failure to exhaust, the Defendant is in entitled to summary judgment under Fed. R. Civ. P. 56(f). The court adds that it is the court's responsibility to decide exhaustion before reaching the merits of a prisoner's claims and, if discovery is appropriate, the court may

limit discovery to evidence concerning exhaustion only. After reviewing Plaintiff's discovery requests, which Plaintiff attempted to file but were ultimately returned (ECF No. 38), it is the court's opinion Plaintiff's discovery requests focus on the merits of the case rather than the specific subject of exhaustion. Nevertheless, the court will allow Plaintiff to undertake discovery so long as the discovery is targeted to the topic of exhaustion and defendant Parks. Discovery as to the general merits of the case will not be allowed.

* * *

In view of the discovery the court has observed, which was lodged with the court (ECF No. 38), the court finds the discovery requests do not address the matter of Defendants' motion for summary regarding exhaustion or statute of limitation. IT IS THEREFORE ORDERED that the Defendants' motion to stay discovery (ECF No. 41) is **GRANTED**. However, as addressed above, the court will allow certain discovery requests to proceed. The supplemental responses shall be produced to Mr. Anderson by no later than **Friday, 6/23/2017**. Plaintiff shall have until **Friday, 7/7/2017**, to file a supplemental response to the Defendants' motion for summary judgment. Thereafter, Defendants have until **Friday, 7/14/2017**, to reply to the Plaintiff's supplemental response.

Plaintiff's motion (ECF No. 57) does not seek discovery pertinent to the allegations he has averred as to Defendant Park and the allegedly "oppressive cell searches" nor does it pertain to either the exhaustion or statute of limitations issue. Instead, Plaintiff states the proposed discovery relates to what he characterizes as "time sensitive facts" and go to "Defendants' conduct, credibility and to facts to Plaintiff's unequal treatment, retaliation and, conspiracy claims . . . including the First Amendment and R.L.U.I.P.A. claims." (*Id.* at 1.)

Plaintiff's motion seeks discovery as to matters the court stayed during the pendency of Defendants' motion for summary judgment. Plaintiff's motion is therefore **denied** for the reasons set forth in the court's proceedings of June 14, 2017 (ECF No. 46).[1]

**IT IS SO ORDERED.**

DATED: July 20, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] In paragraph II of Plaintiff's motion, Plaintiff seeks an "in camera ex parte leave to take written depositions of these witnesses. . . ." (ECF No. 57 at 5.) The court sees no reason to undertake an *in camera* review of Plaintiff's discovery request.