# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANDERSON,

    Plaintiff,

vs.

JAMES "GREG" COX, *et al.*,

    Defendants.

3:16-cv-00056-RCJ-WGC

**ORDER**

Re: ECF No. 36

Before the court is Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) (now Federal Rule of Civil Procedure 56(d)). (ECF No. 36.) Defendants filed a response. (ECF No. 40.) For the reasons set forth below, Plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id*.) Defendants are Jonathan Ball, Quentin Byrne, Tara Carpenter, James "Greg" Cox, Ray East, Sheryl Foster, Kara Krause[1], Robert LeGrand, E.K. McDaniel, Valaree Olivas, Jethro Parks, and James Stogner. (Screening Order, ECF No. 8.)

Plaintiff filed his original Complaint, which the court screened and allowed some claims to proceed, and granted Plaintiff leave to amend with respect to others. (ECF Nos. 5, 6.) He subsequently

---

[1] Krause is also referred to by the parties as Krause-LeGrand, and is distinct from defendant Warden Robert LeGrand. The court will either refer to her as Krause or Krause-LeGrand.

filed his Amended Complaint (ECF No. 7.) The court screened the Amended Complaint and allowed the following claims to proceed:

(1) claims under the First Amendment Free Exercise Clause and Religious Land Use and Institutionalized Persons Act (RLUIPA) in Count I against Cox, McDaniel, Foster, Stogner, Krause, Olivas, East and Ball, based on allegations that: (a) Cox, McDaniel, Foster, Stogner and Krause changed Administrative Regulation (AR) 810 to deny Wiccans (Plaintiff's faith) access to incense, herbs and teas while other faiths have the ability to purchase these items, (b) Olivas interfered with the religious grounds by destroying the sacred ritual area where Wiccans and other pagans practice their faith, and (c) East and Ball deprived him of his religious property;

(2) a First Amendment retaliation claim in Count I against Parks based on the allegation that Parks subjected Plaintiff to oppressive cell searches because of his religion, and the searches were intended to chill his right to practice his religion without advancing any legitimate correctional goal;

(3) an Equal Protection Clause claim in Count II against Cox, McDaniel, Foster, Krause, Stogner and LeGrand, based on allegations that they excluded Wiccans from access to the previously permitted religious materials while allowing mainstream religious faith groups access to those items; and

(4) a conspiracy claim under 42 U.S.C. § 1985(3) against Cox, McDaniel, Foster, LeGrand, Carpenter, Byrne, and Olivas, based on allegations that they fostered a policy of harassing cell searches directed at Wiccans and impeded Plaintiff's efforts to seek changes to the alleged discriminatory policy. (ECF No. 8.)

Defendants have filed a motion for summary judgment arguing: (1) Plaintiff failed to properly exhaust his administrative remedies regarding his First Amendment Free Exercise Clause and RLUIPA claims against Cox, McDaniel, Foster, Stogner, and Krause; (2) Plaintiff failed to properly exhaust his administrative remedies regarding his Free Exercise Clause and RLUIPA claims against Olivas; (3) Plaintiff failed to exhaust his administrative remedies with respect to his Equal Protection Clause claim against Cox, McDaniel, Foster, Krause, Stogner and LeGrand; (4) Plaintiff failed to exhaust his administrative remedies as to the conspiracy claim against Cox, McDaniel, Foster, LeGrand, Carpenter, Byrne, and Olivas; (5) the First Amendment Free Exercise Clause and RLUIPA claims against East and Ball are barred by the two-year statute of limitations; and (6) Parks did not retaliate against Plaintiff.

(ECF No. 27.)

Plaintiff filed a motion for enlargement of time to file his opposition to Defendants' motion for summary judgment, or to stay Defendants' motion for summary judgment. (ECF No. 29.) That same date, the court entered a scheduling order giving the parties until June 12, 2017 to join additional parties or seek leave to file an amended pleading. (ECF No. 30.) The discovery cutoff was set forth July 11, 2017. (*Id.*) The court granted Plaintiff an extension of time through May 31, 2017, to respond to Defendants' motion, and denied Plaintiff's motion in other respects. (ECF No. 32.)

Plaintiff filed his opposition to the motion for summary judgment on May 10, 2017. (ECF No. 33, Exhibits at ECF No. 34, Declaration at ECF No. 35). The following day, he filed the motion to deny Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 36.) Defendants then filed their reply in support of their motion for summary judgment. (ECF No. 39.)

In his opposition to the motion for summary judgment, Plaintiff argues that the motion should not be granted under Rule 56(d) "because the grievances raised in the claims … are exhausted or should be excused for Defendants failures to respond, and answer, that would be revealed in discovery." (ECF No. 33 at 1:25-28.) He did not identify any particular discovery that needed to be undertaken, and went on to substantively address each of Defendants' arguments.

In his Rule 56(d) motion (ECF No. 36), he states that discovery has not been fully developed, and claims that this needs to occur before summary judgment. (ECF No. 36 at 1-2.) He asks the court to deny the motion for summary judgment or refrain from ruling on it until the conclusion of discovery under the scheduling order. (*Id.* at 2.) Plaintiff did attempt to file his discovery requests with the court (ECF Nos. 38-1, 38-2), though they were returned pursuant to Local Rule 26-8. (ECF No. 38.)

Defendants subsequently filed a motion to stay discovery while their dispositive motion is pending. (ECF No. 41.) In that motion, they stated that they produced all potentially relevant grievances with their motion for summary judgment, as well as the relevant regulations, declarations and documentation regarding the cell search at issue. (ECF No. 41 at 4.) They also noted that Plaintiff filed hundreds of pages of documents with his amended complaint and opposition to the dispositive motion. (*Id.*) Plaintiff filed a response (ECF No. 42), and Defendants filed a reply (ECF No. 43). The court set a hearing on that motion for June 14, 2017. (ECF No. 43, Minutes at ECF No. 46.)

At the hearing, Plaintiff reiterated his objection that discovery had not been completed, and request that the dispositive motion be denied pursuant to Rule 56(d). (*See* ECF No. 46 at 1.) The court explained to Plaintiff that it had a duty to resolve the exhaustion issues raised in the motion for summary judgment prior to reaching the merits of the case, and advised Plaintiff that the court had reviewed the discovery responses he attempted to file with the court (ECF No. 38), and those requests focused on the merits of the case rather than the exhaustion issues. (ECF No. 46 at 2.) Nevertheless, the court allowed Plaintiff to undertake discovery targeted to the issues of exhaustion and the retaliation claim against Parks, which are the subjects of Defendants' motion. (ECF No. 46 at 2.) The court also directed Defendants to provide supplemental responses to certain discovery requests propounded by Plaintiff to Parks. (*Id*.) The court then allowed Plaintiff to file a supplemental response to the motion for summary judgment on or before July 7, 2017, and gave Defendants until July 14, 2017 to file a reply. (*Id*.)

Plaintiff filed an objection to the ruling (ECF Nos. 47, 48), which was overruled by District Judge Jones. (ECF No. 59.)

Plaintiff filed his supplemental response to the motion for summary judgment on July 7, 2017. (ECF No. 51.) In the supplement, Plaintiff begins by stating that the response is made based on the "incomplete discovery request that has not yielded fruitful information" to meaningfully oppose the motion for summary judgment. (*Id*. at 1.) He went on to address the substance of Defendants' motion, and attached various exhibits. Defendants then filed their supplemental reply. (ECF No. 55.) According to Defendants, Parks served his responses to the discovery on June 22, 2017. (ECF No. 55 at 2:22-25.)

## II. LEGAL STANDARD

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"Under Fed. R. Civ. P. 56(f) [now 56(d)], a trial court may order a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *On Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). The requesting party must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id*. "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Id*. (citation omitted); *see also Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009).

### III. DISCUSSION

Here, Plaintiff has not met any of the requirements set forth in *Family Home* and *Campbell*. He has not set forth the facts he hopes to elicit from further discovery, that those facts exist, or that they are essential to oppose the motion for summary judgment. Instead, he merely states that discovery has not been completed, and that the discovery he was allowed to conduct following the court's June 14, 2017 hearing was "incomplete" and "meaningless." Yet, he never filed a motion to compel further responses or otherwise explained how the discovery responses were insufficient. Importantly, at no point has he discussed what more he needs in order to respond to the motion which, save for the retaliation claim against Parks, and statute of limitations argument as to East and Ball, is related to exhaustion and depends on a review of the grievances. Moreover, Plaintiff was able to provide thorough substantive responses to each of Defendants' arguments in both his initial response as well as his supplemental response. Since Plaintiff has failed to demonstrate that further discovery is necessary in order to respond to Defendants' pending dispositive motion, his request is denied.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment pursuant to Rule 56(d) (ECF No. 36) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 3, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE