# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH M. ANDERSON,

    Plaintiff,

vs.

JAMES "GREG" COX, *et al.*,

    Defendants.

3:16-cv-00056-RCJ-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 45, Proposed Am. Compl. at ECF No. 45-1[1].) Defendants filed a response. (ECF No. 50.) Plaintiff filed a reply. (ECF No. 52.) After a thorough review, it is recommended that the motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id.*) Defendants are Jonathan Ball, Quentin Byrne, Tara Carpenter, James "Greg" Cox, Ray East,

---

[1] Plaintiff titled the proposed pleading the "Proposed First Amended Complaint" (ECF No. 45-1 at 1); however, he has already filed an Amended Complaint; therefore, it should be the "Proposed Second Amended Complaint."

Sheryl Foster, Kara Krause[2], Robert LeGrand, E.K. McDaniel, Valaree Olivas, Jethro Parks, and James Stogner. (Screening Order, ECF No. 8.)

Plaintiff filed his original Complaint, which the court screened and allowed some claims to proceed, and granted Plaintiff leave to amend with respect to others. (ECF Nos. 5, 6.) He subsequently filed his Amended Complaint (ECF No. 7.) The court screened the Amended Complaint and allowed the following claims to proceed: (1) claims under the First Amendment Free Exercise Clause and Religious Land Use and Institutionalized Persons Act (RLUIPA) in Count I against Cox, McDaniel, Foster, Stogner, Krause, Olivas, East and Ball, based on allegations that: (a) Cox, McDaniel, Foster, Stogner and Krause changed Administrative Regulation (AR) 810 to deny Wiccans (Plaintiff's faith) access to incense, herbs and teas while other faiths have the ability to purchase these items, (b) Olivas interfered with the religious grounds by destroying the sacred ritual area where Wiccans and other pagans practice their faith, and (c) East and Ball deprived him of his religious property; (2) a First Amendment retaliation claim in Count I against Parks based on the allegation that Parks subjected Plaintiff to oppressive cell searches because of his religion, and the searches were intended to chill his right to practice his religion without advancing any legitimate correctional goal; (3) an Equal Protection Clause claim in Count II against Cox, McDaniel, Foster, Krause, Stogner and LeGrand, based on allegations that they excluded Wiccans from access to the previously permitted religious materials while allowing mainstream religious faith groups access to those items; and (4) a conspiracy claim under 42 U.S.C. § 1985(3) against Cox, McDaniel, Foster, LeGrand, Carpenter, Byrne, and Olivas, based on allegations that they fostered a policy of harassing cell searches directed at Wiccans and impeded Plaintiff's efforts to seek changes to the alleged discriminatory policy. (ECF No. 8.)

Defendants have filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to most of the claims, that the statute of limitations bars the claims against East and Ball, and that Parks did not retaliate against Plaintiff. (ECF No. 27.) After granting Plaintiff an initial extension of time, and then permitting him to conduct certain discovery and allowing the parties

---

[2] Krause is also referred to by the parties as Krause-LeGrand, and is distinct from defendant Warden Robert LeGrand. The court will either refer to her as Krause or Krause-LeGrand.

to supplement their briefing, the motion for summary judgment is now fully briefed.[3] On June 27, 2017, Plaintiff filed his motion seeking leave to amend. (ECF Nos. 45, 45-1.)

In this motion, Plaintiff states that he named John and Jane Does in his First Amended Complaint (citing ECF No. 7 at 6), and that since filing the Amended Complaint he has been provided information concerning the identities of the John and Jane Does, and has discovered new information regarding their role in violating his rights. (ECF No. 45 at 1.) He identifies the John and Jane Does as: Dwayne Deal, Sergeant Sterling Gentry, Sergeant Ramone Olivas, Correctional Officer Ashley Angus, LCC Chaplain Anthony Carrasco, NDOC Director James Dzurenda, LCC Warden Renee Baker, Chaplain Richard Snyder, Warden H. Wickhem. (*Id.* at 2.) The proposed amended complaint also references a Deputy Attorney General John Doe. (*Id.*) Plaintiff claims that he discovered the identities of these defendants when he reviewed the exhibits filed in support of Defendants' motion for summary judgment. (*Id.*) He maintains that the claims relate back to the original complaint. (*Id.* at 5.) He also states that he is "supplementing" the complaint pursuant to Rule 15(d), by adding Count III, and that defense counsel was aware Plaintiff would raise this when grievance 20063012337 became exhausted. (*Id.*) He claims there is no prejudice to Defendants in allowing amendment. (*Id.* at 6.)

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

///
///
///

---

[3] The court has concurrently issued an order denying Plaintiff's request pursuant to Federal Rule of Civil Procedure 56(d) to delay consideration of Defendants' motion for summary judgment so that discovery may be completed.

While the court should give leave to amend freely when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

On April 12, 2017, the court entered a scheduling order providing that any amendment to a pleading or motion for leave to amend should be filed and served on or before June 12, 2017. (ECF No. 30 at 2.) Plaintiff filed this motion for leave to amend on June 27, 2017. (ECF No. 45.) Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen*, 465 F.3d at 952. Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligent of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting *Johnson*, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

### III. DISCUSSION

As stated above, the scheduling order deadline for filing a motion for leave to amend was June 12, 2017, and Plaintiff filed his motion after the deadline, on June 27, 2017. In the motion to extend time to respond to the motion for summary judgment or stay the motion filed on April 12, 2017, Plaintiff did briefly mention that he discovered new information supplied by Defendants' exhibits

4

material to the unidentified John and Jane Does. (ECF No. 29 at 3:1-3, 4:17-19.) Nevertheless, he did not file a motion for leave to amend or proposed amended pleading as is required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1(a) until June 27, 2017. Moreover, this establishes that Plaintiff had the information giving rise to the identity of the new defendants and his new claims at least as of April 12, 2017, but waited until after the scheduling order deadline to file his motion for leave to amend. In fact, Plaintiff admits in his motion for leave to amend that he discovered this information when he reviewed Defendants' motion for summary judgment. (ECCF No. 45 at 2.)

Nor did Plaintiff mention his intent to seek leave to amend at a June 14, 2017 hearing, but now states that defendant East was in the room with him during the hearing, and "an intimidation factor limited his conversation with the court …for fear of retaliation." (ECF No. 45 at 3:22-28.) Therefore, he claims he could not raise the issue of the amended complaint. (*Id*. at 4:1-5.) This argument is unpersuasive, as the hearing was held *two days after* the June 12, 2017 scheduling order deadline, and the motion was already overdue at that point.

Plaintiff mentions that he was engaged in responding to other motions as an excuse for not timely filing his motion for leave to amend, but he failed to file even a brief request for an extension of the scheduling order deadline prior to its expiration.

In sum, Plaintiff has not demonstrated "good cause" for the court to extend the deadline to file a motion for leave to amend under Rule 16, and Plaintiff's motion should be denied. The action should proceed on the Amended Complaint (ECF No. 7), and the undersigned will address the pending dispositive motion in due course.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 45).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 4, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE