UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH M. ANDERSON, | ) | 3:16-cv-00056-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | October 18, 2017 |
| STATE OF NEVADA, *et al.*, | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's Motion to Compel Release of Court Document (ECF No. 98). Plaintiff claims he did not receive a copy of the court's order denying Plaintiff's motion for appointment of counsel (ECF No. 81) and requests it be sent to him again via the CM/ECF filing system. (*Id.* at 1).

The second component of Plaintiff's motion requests the court to issue a temporary restraining order "to NDOC/LCC Prison authorities to keep Defendant Parks away from the prison law library." (*Id.* at 3.)

Plaintiff's Motion to Compel Release of Court Document (ECF No. 98) is **GRANTED** to the extent that the Clerk shall resend Plaintiff a copy of the court's order denying Plaintiff's third motion for appointment of counsel (ECF No. 81).

/ / /

Plaintiff's request to issue a temporary restraining order to NDOC/LCC Prison authorities to keep Defendant Parks away from the prison law library is **DENIED** without prejudice. The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

The Prison Litigation Reform Act (PLRA) also mandates that prisoner litigants satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Inasmuch as Plaintiff has satisfied none of the criteria pertaining to injunctive relief, Plaintiff's motion is denied without prejudice.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK
By: _____/s/_____
Deputy Clerk