# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH M. ANDERSON,

        Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS et al.,

        Defendants.

3:16-cv-00056-RCJ-WGC

**ORDER**

This is a prisoner civil rights case. Now pending before the Court are two motions for reconsideration, (ECF Nos. 60, 80), and a motion for clarification of a prior order, (ECF No. 78).

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff sued Defendants in state court under 42 U.S.C. §§ 1983 and 1985, alleging violations of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and a civil rights conspiracy. The Court permitted certain claims to proceed and gave leave to amend certain other claims. Upon amendment, the Court permitted RLUIPA, First Amendment retaliation, Equal Protection Clause, and civil rights conspiracy claims to proceed but dismissed a due process claim with prejudice.

///

On March 31, 2017, Defendants filed a motion for summary judgment. The motion argued, first, that Plaintiff had failed to exhaust administrative remedies as to the claims against all Defendants other than Ray East, Jonathan Ball, and Jethro Parks; second, that the statute of limitations had run on the claims against East and Ball; and third, that the First Amendment retaliation claim against Parks failed on the merits. Subsequently, Defendants moved for a stay of discovery pending the Court's ruling on their summary judgment motion. (Mot. Stay, ECF No. 41.) Following a motion hearing, Magistrate Judge William G. Cobb granted the stay.

According to the hearing minutes, Judge Cobb initially observed that the summary judgment motion primarily focused on the exhaustion of administrative remedies, while discovery propounded by Plaintiff "focus[ed] on the merits of the case rather than the specific subject of exhaustion." (Hr'g Mins. 2, ECF No. 46.) Judge Cobb then conveyed that he would nonetheless "allow Plaintiff to undertake discovery so long as the discovery is targeted to the topic of exhaustion and defendant Parks. Discovery as to the general merits of the case will not be allowed." (*Id.*) Next, Judge Cobb reviewed several of Plaintiff's discovery requests and, finding some of them to be appropriate, ordered Defendants to provide supplemental responses to certain specified requests. Judge Cobb concluded, however, that none of Plaintiff's proposed discovery "address[ed] the matter of Defendants' motion for summary [judgment] regarding exhaustion or statute of limitations." (*Id.*) For that reason, Judge Cobb granted the stay of discovery, with the exception that Defendants must provide the aforementioned supplemental responses no later than June 23, 2017. (*Id.*) On June 29 and July 3, Plaintiff filed objections to Judge Cobb's order staying discovery under FED. R. CIV. P. 72(a). (Objs., ECF Nos. 47, 48.) On July 27, the Court overruled Plaintiff's objections and affirmed Judge Cobb's order granting the stay. (Order, ECF No. 59.)

/ / /

On August 17, 2017, Judge Cobb entered his report and recommendation (R. & R.) that summary judgment be granted for Defendants, except that the motion should be denied as to the retaliation claim against Defendant Parks. (ECF No. 66.) Plaintiff and Defendants both filed objections to the R. & R. (ECF Nos. 69, 70.) Of course, Plaintiff argued that summary judgment should not be granted on any claim, while Defendants argued that summary judgment was additionally appropriate on the retaliation claim against Parks. On September 20, the Court accepted and adopted the R. & R. in full, after noting that it had conducted a *de novo* review and had considered all relevant matters of record. (Order, ECF No. 76.) Judgment was then entered for Defendants consistent with the Court's order. (ECF No. 77.)

The only claim now remaining in this case is the First Amendment retaliation claim against Defendant Parks.

## II. ANALYSIS

### a. Defendants' Motion to Reconsider (ECF No. 60)

First, citing FED. R. CIV. P. 60(a), Defendants ask the Court to correct mistakes in its order overruling Plaintiff's objections to Judge Cobb's order granting a stay of discovery. Defendants argue that some of the language in the Court's order mischaracterized Judge Cobb's ruling and the procedural history leading up to it. Because the Court has ruled on the summary judgment motion and the stay is no longer in effect, this motion is likely moot. However, the Court also notes that the legal effect of its order was merely to overrule Plaintiff's objections and uphold the magistrate judge's order. *See* D. NEV. LOCAL. R. IB 3-1(b) ("The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order.") Nothing in the Court's dicta should be construed to alter Judge Cobb's underlying order, which was affirmed in full without modification.

Accordingly, this motion is denied.

**b. Defendants' Motion for Clarification (ECF No. 78)**

Next, Defendants ask the Court to clarify its order accepting and adopting the R. & R. and granting partial summary judgment. Defendants note that the order specifies that the Court "fully considered" Plaintiff's objections to the R. & R., but does not so specify with respect to Defendants' objection. (*See* Order, ECF No. 76.) The Court will grant the motion to offer the following clarification: All relevant matters of record were given full consideration, including, without limitation, Defendants' partial objection at ECF No. 70.

**c. Plaintiff's Motion to Reconsider (ECF No. 80)**

Lastly, Plaintiff moves under FED. R. CIV. P. 59(e) for relief from the summary judgment against him. Granting a motion to reconsider under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015).

Plaintiff does not present newly discovered evidence or point to any change in controlling law in his motion. In fact, the arguments raised in favor of reconsideration were thoroughly addressed in Judge Cobb's R. & R., and fully considered by this Court. Moreover, Plaintiff's "Addendum to Objection," which he argues the Court failed to consider, was an improper filing. Construed as a new objection, it was untimely. *See* D. NEV. LOCAL. R. IB 3-2(a) ("The deadline

to file and serve any objections to a magistrate judge's findings and recommendations is 14 days after service of the findings and recommendations."). Construed as a reply in support of Plaintiff's timely objection, it was impermissibly filed without leave of the Court. *See id.* ("Replies will be allowed only with leave of court.").

Therefore, Plaintiff has provided no reason to disturb the Court's prior order granting summary judgment, and the motion to reconsider must be denied.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider (ECF No. 60) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Clarification (ECF No. 78) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reconsider (ECF No. 80) is DENIED.

IT IS SO ORDERED. February 14, 2018.

_____
ROBERT C. JONES
United States District Judge