# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH M. ANDERSON, | ) | 3:16-cv-00056-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF No. 171 |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Move the Settlement Conference (ECF No. 171). Plaintiff appears to object to the referral of the settlement conference to the Honorable Robert A. McQuaid, Jr., recalled United States Magistrate Judge. Plaintiff contends he did not consent to the referral and also objects to the re-assignment of the defense responsibilities by the Office of the Attorney General from Deputy Attorney General James Bolotin to Deputy Attorney General Ian Carr. Plaintiff objects to the absence of a "Certificate of Familiarity" nor an acknowledgment by Deputy Attorney General Carr that "he is able to proceed without delay or prejudice to the Plaintiff." He claims "unfair surprise" and "potential prejudice" by reason of the referral to Judge McQuaid. Finally, Plaintiff asserts that neither Judge McQuaid nor Deputy Attorney General Carr "are familiar with the facts nor merits of the case or oriented with the Plaintiff." (*Id*. at pp. 1-2.)

The court notes the settlement conference was set following this court's motion hearing a month and a half ago, i.e., April 9, 2018. As stated at the hearing - and confirmed in the court's minutes filed the same date - the Plaintiff and Defendant's counsel agreed to participate in a settlement conference to resolve the dispute among the parties. The court thereupon scheduled the settlement conference before

Judge McQuaid on Tuesday, June 19, 2018, at 9:00 a.m. (ECF No. 163).

Because this settlement conference was set weeks prior to Plaintiff's objection, there can be no "unfair surprise" to Plaintiff. The statements of the court regarding the referral to Judge McQuaid, as well as the minutes confirming the conference and the referral, brought about no objection from Plaintiff until some six (6) weeks later.

There is no requirement of a "certificate of familiarity" nor any obligation of counsel (Mr. Carr) to demonstrate to Plaintiff he "is able to proceed without delay or prejudice to the court." The court recognizes Mr. Carr substituted as counsel on this matter on May 15, 2018. (ECF No. 170.) The court expects Mr. Carr, as is required by LR IA 11-6, to become completely familiar with the case and fully prepared to proceed in this matter, including the court's settlement conference.

Following the conclusion of the motion hearing, the court entered a minute order confirming the setting. The minute order included instructions to the parties regarding the submission of the settlement conference statements to include a discussion, *inter alia*, of:

> 1. A brief statement of the nature of the action.
>
> 2. A concise summary of the evidence that supports your theory of the case, including information which documents your damages claims. You may attach to your statement those documents or exhibits which are especially relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests.

(ECF No. 164 at 2.)

This order is a standard statement of the specified content of a party's settlement conference statement, which statement allows an impartial neutral to become familiar with the parties' positions regarding questions of fact, issues of law, the strengths and weaknesses of the party's - and opponents - claims or defenses, and proposals concerning possible settlement. Judge McQuaid will utilize the parties' statements as a basis to educate himself about the merits of Plaintiff's claims and the viability of any defenses asserted by the Defendants. Thus, it is important for all parties to undertake their best efforts to submit a thorough mediation statement to Judge McQuaid.

Judge McQuaid served as an active U.S. Magistrate Judge for over fifteen (15) years, and has been on recall status for more than six (6) years following his retirement from active service. During his tenure on the Bench, Judge McQuaid has presided over thousands of hearings, numerous jury and

bench trials, and hundreds of settlement conferences (many of which have resulted in successful resolution of the parties' litigation).  If the parties - including Plaintiff - fulfill their responsibilities in submission of comprehensive mediation statements, the court has full confidence that Judge McQuaid will do his utmost in attempting to achieve a mutually acceptable settlement of this matter.

Plaintiff's Motion to Move the Settlement Conference (ECF No. 171) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 24, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE