UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH M. ANDERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS et al.,<br><br>　　　　Defendants. | 3:16-cv-00056-RCJ-VPC<br><br>**ORDER** |

This is a prisoner civil rights case. Now pending before the Court is an objection to the Magistrate Judge's order denying Plaintiff's motion for spoliation of evidence. (Obj., ECF No. 168.) For the reasons given herein, the Court overrules the objection.

**I.　FACTS AND PROCEDURAL HISTORY**

Plaintiff Joseph Anderson sued Defendants in state court under 42 U.S.C. §§ 1983 and 1985, alleging violations of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment, as well as retaliation in violation of the First Amendment, and civil rights conspiracy. Following removal of the action to this Court and a subsequent amendment of the Complaint, Mr. Anderson was permitted to proceed with his RLUIPA, First Amendment retaliation, Equal Protection Clause, and civil rights conspiracy claims. His due process claim was dismissed with prejudice. At summary judgment, the majority of Mr. Anderson's claims

were resolved in favor of Defendants. Accordingly, the single remaining claim in this case is for First Amendment retaliation against Defendant Jethro Parks.

The retaliation claim revolves around a single cell search conducted on July 12, 2014. Mr. Anderson alleges that Mr. Parks subjected him to an oppressive cell search because of his religion, and that Parks told him such searches would stop if he changed his religion. Parks denies these allegations, maintaining the search was not related to Anderson's religious beliefs or practices. In fact, Parks argues that he does not have discretion to choose which cells to search, but that they are selected by his shift lieutenant, and that the searches are performed randomly for safety and security reasons.

Regarding the day in question, Parks asserts that Anderson's name was on a list of inmates whose cells were to be searched that day, the list having been provided by the shift lieutenant. A cell search log indicates this was the only time Parks ever searched Anderson's cell. During the search, Parks confiscated multiple unauthorized items, including a bottle containing an "unknown liquid." According to Parks, the bottle carried a label which was secured to the bottle by tape. Because the bottle would not have had a taped-on label when Anderson purchased it, Parks determined that the bottle had been "altered" in violation of AR 711, and therefore qualified as contraband. Anderson claims the bottle contained consecrated baby oil for religious use, which administrative regulations expressly authorize him to possess.

Following the search, Mr. Anderson took steps to recover his confiscated property. However, on July 30, 2014, he was informed by prison officials that the confiscated items could not be located. In subsequent responses to discovery propounded during this litigation, Defendants confirmed that the confiscated property is no longer in their possession, suggesting it was either lost or discarded. On this basis, Anderson filed a motion for spoliation of evidence, arguing that his religious items are essential evidence in proving his claim of First Amendment

retaliation, to allow him to establish that the confiscated items were in fact religious in nature and not "ordinary every day hygiene items." (Mot. Spoliation 17, ECF No. 151.)

A motion hearing was held on April 9, 2018, before Magistrate Judge William G. Cobb. Judge Cobb gave Mr. Anderson multiple opportunities to articulate the evidentiary relevance of the confiscated property with respect to his claim of First Amendment retaliation. Mr. Anderson's response was that he needed the bottle of baby oil to show that it actually contained consecrated oil intended for religious use. This, he argued, would serve to establish that the bottle was not altered or modified and thus complied with administrative regulations. After argument by both parties, Judge Cobb denied the motion for spoliation on the basis that the bottle's actual contents are not relevant evidence of First Amendment retaliation. (Minutes, ECF No. 163.) Mr. Anderson now asks the Court to set aside Judge Cobb's ruling under Federal Rule of Civil Procedure 72(a).

## II. LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); *see also* D. NEV. LOCAL R. IB 3-1(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998) (citing *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989)). Rule 72(a) institutes an abuse-of-discretion-type standard of review, under which the reviewing court must give significant deference to the initial decision, and may not simply substitute its judgment for that of the

deciding court. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### III. ANALYSIS

After thorough review of the motion record and case file, the Court is not convinced that a mistake has been made. *See Concrete Pipe & Prod. of Cal., Inc.*, 508 U.S. at 622. Ultimately, Judge Cobb denied the motion for spoliation based on Mr. Anderson's failure to demonstrate the evidentiary relevance of his confiscated property:

> [T]he subject of plaintiff's grievance relates to defendant Parks' motivation behind the cell search and whether it was motivated by religious animosity towards Mr. Anderson's beliefs, not whether or not the substance inside the bottle was permitted . . . It is the court's opinion that the contents of the bottle, even if one assumes is of religious nature, is irrelevant to this action . . . The court encourages plaintiff to focus on defendant Parks' motivation for conducting the cell search and seizing the bottle.

(Min. 2, ECF No. 163.) Judge Cobb's relevance finding is not clearly erroneous. For example, Mr. Anderson does not assert that the label on the bottle was unaltered, which might be a basis for arguing that the stated reason for confiscating the bottle was a pretext. Instead, the focus of Mr. Anderson's argument related exclusively to what the bottle contained. As Judge Cobb recognized, the bottle's actual contents are not probative of Mr. Parks' subjective intent in confiscating it. Moreover, it does not appear Parks has ever disputed what the bottle contained; rather, he asserts only that the nature of the liquid in the bottle was unknown to him, and that he confiscated the bottle solely due to an alteration to its label. Thus, presenting the bottle as evidence would also not serve to resolve any factual dispute.

Therefore, the Court cannot conclude that Judge Cobb committed clear error in denying Mr. Anderson's motion for spoliation.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Rule 72(a) objection (ECF No. 168) is OVERRULED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

July 24, 2018.