# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH M. ANDERSON, | 3:16-cv-00056-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| THE STATE OF NEVADA ex rel NDOC, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Leave of Court to File Supporting Exhibits in Support of Motion for Partial Summary Judgment (ECF No. 184). Plaintiff requests leave of court to file 82 exhibits consisting of 925 pages of documents to attach to his motion for partial summary judgment.

As Plaintiff is aware, this case has been narrowed to Defendant Parks' motivation behind the search of Plaintiff's cell and whether Parks' search was generated by religious animosity toward Mr. Anderson's spiritual beliefs, not whether or not the content inside the bottle was a permissible substance. At the court's hearing on April 9, 2018 (ECF No. 163), this court denied Plaintiff's motion for spoilation of evidence, which decision District Judge Robert C. Jones affirmed on July 24, 2018 (ECF No. 179). Judge Jones' order reads in part as follows:

> "A motion hearing was held on April 9, 2018, before Magistrate Judge William G. Cobb. Judge Cobb gave Mr. Anderson multiple opportunities to articulate the evidentiary relevance of the confiscated property with respect to his claim of First Amendment retaliation. Mr. Anderson's response was that he needed the bottle of baby oil to show that it actually

contained consecrated oil intended for religious use. This, he argued, would serve to establish that the bottle was not altered or modified and thus complied with administrative regulations. After the argument by both parties, Judge Cobb denied the motion for spoliation on the basis that the *bottle's actual contents are not relevant evidence of First Amendment retaliation*. (Minutes, ECF No. 163.) Mr. Anderson now asks the Court to set aside Judge Cobb's ruling under Federal Rule of Civil Procedure 72(a). Ultimately, Judge Cobb denied the motion for spoliation based on Mr. Anderson's failure to demonstrate the evidentiary relevance of his confiscated property:

> [T]he subject of plaintiff's grievance relates to defendant Parks' motivation behind the cell search and whether it was motivated by religious animosity towards Mr. Anderson's beliefs, not whether or not the substance inside the bottle was permitted . . . It is the court's opinion that the contents of the bottle, even if one assume is of religious nature, is irrelevant to this action . . . The court encourages plaintiff to focus on defendant Parks' motivation for conducting the cell search and seizing the bottle.

(Min. 2, ECF No. 163.) Judge Cobb's relevance finding is not clearly erroneous. For example, Mr. Anderson does not assert that the label on the bottle was unaltered, which might be a basis for arguing that the stated reason for confiscating the bottle was a pretext. Instead, the focus of Mr. Anderson's argument related exclusively to what the bottle contained. As Judge Cobb recognized, the bottle's actual contents are not probative of Mr. Parks' subjective intent in confiscating it. Moreover, it does not appear Parks has ever disputed what the bottle contained; rather, he asserts only the nature of the liquid in the bottle was unknown to him, and that he confiscated the bottle solely due to an alteration to its label. Thus, presenting the bottle as evidence would also not serve to resolve any factual dispute."

(ECF No. 179 at p. 3, ll. 3-12; p. 4, ll. 5-20) (emphasis added).

It is therefore unclear to the court why Plaintiff would need to submit 925 pages of documents with his motion since the case has been narrowed to Defendant Parks' motivation for the cell search.

The Federal Rules of Civil Procedure govern all aspects of civil actions, including motions for summary judgment. Pursuant to Federal Rule 1, the Rules are to be "construed, administered and employed by the court and the parties to secure the trust, speedy and inexpensive determination of every action and proceeding." Requiring the court - and Defendant's counsel - to wade through 82 exhibits encompassing 925 pages of materials (plus the motion itself, which is 30 pages in length) is extremely burdensome. And in the court's viewpoint, in light of the one remaining issue, i.e., Defendant Parks' motivation behind the cell search and whether it was instigated by religious animosity toward Mr. Anderson's beliefs, such extensive purported documentation appears unnecessary. (ECF Nos. 163, 179.) Submission of close to 1000 pages of materials, many of which at first blush appear to be unrelated to the sole surviving claim, is inconsistent with how the Federal Rules of Civil Procedure (included Rule 56) are to be construed. A motion of this nature, with its voluminous exhibits, runs counter to the goal of at least a speedy determination of the action.

For example, Exhibit 2 consists of a long series of approximately seventy (70) pages of definitions pertaining to the Nevada Department of Correction's (NDOC) Administrative Regulations (ARs). Exhibits 3-7 appear to be sixty (60) pages ARs. Exhibits 8-14 appear to be various iterations of AR 810 (re "Religious Faith Group Activities and Programs.") Exhibits 15-18 are various Operational Procedures of the Lovelock Correctional Center. Many of the exhibits which follow are declarations, certain of which (upon cursory overview) do not specifically relate to the actions or motivations of Defendant Parks.

The court is not going to review each and every one of Plaintiff's exhibits to determine their preliminary relevance to Plaintiff's motion. Instead, if Plaintiff insists on submitting such voluminous materials, for *each* exhibit upon which Plaintiff intends to continue to rely for his motion for summary judgment, Plaintiff shall provide a one paragraph overview of the relevance of the proposed exhibit to Plaintiff's motion, and more specifically, the substance of how the exhibit pertains to Plaintiff's remaining claim against Defendant Parks.

For Plaintiff's benefit, the court sets forth the content of this court's Report and Recommendation of August 17, 2017, which describes the claim which survived Defendant's motion for summary judgment (ECF No. 66, adopted by District Judge Robert C. Jones on September 20, 2017, in ECF No. 76):

**"C. Retaliation Claim against Parks**

**1. Retaliation Standard**

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a claim consists of five elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

**2. Analysis**

Plaintiff alleges that Parks subjected him to oppressive cell searches because of his religion, which were intended to chill his right to practice his religion without advancing any legitimate correctional goal. (ECF No. 7 at 9.) He claims that Parks told him that the oppressive cell searches would stop if he changed his religion. (*Id*.)

Parks maintains that he did not search Plaintiff's cell or confiscate certain property due to Plaintiff's First Amendment conduct, and the search did not chill Plaintiff's First Amendment rights. (ECF No. 27 at 17.) Parks argues that he does not choose what cells are searched, but they are picked by the shift lieutenant, and the searches are performed

4

randomly for safety and security reasons. (*Id.*; Parks Decl., ECF No. 27-2 ¶ 3)

Parks states that on July 12, 2014, Plaintiff's name was on the list of cells to be searched that day, provided by the shift lieutenant. (ECF No. 27 at 18; Parks. Decl., ECF No. 27-2 ¶ 5.) According to Plaintiff's cell search log, Parks only ever searched Plaintiff's cell one time. (ECF No. 27 at 18, ECF No. 27-9, ECF No. 27-9 at 12.) During this search, the items confiscated included one bottle containing an unknown liquid. (ECF No. 27 at 18, ECF No. 27-9 at 12; Parks. Decl., ECF No. 27-2 ¶ 5.) Plaintiff claims the bottle contained baby oil (ECF No. 27-10 at 5), which was permitted religious property (ECF No. 27-11 at 3)[1], but the NDOC Religious Practice Manual requires religious property to conform with AR 711. (ECF No. 27-14 at 28.)[2] While baby oil is an approved religious item, if it is altered in any way, it is contraband subject to confiscation, as contraband includes authorized property that has been altered. (ECF No. 27 at 18, ECF No. 27-16 at 13.) Here, Parks contends that the baby oil was in a bottle with a label held on with tape, which is not the way Plaintiff would have purchased it, making it impossible for prison staff to verify its contents. It was for this reason that Parks confiscated it. (ECF No. 27 at 18; Parks. Decl., ECF No. 27-2 ¶ 5.) In addition, Defendants contend they made multiple efforts to resolve this issue, by offering to replace the bottle with a new bottle of baby oil, and Plaintiff refused. (ECF No. 27 at 18; ECF No. 27-10 at 4.)

Plaintiff appears to admit that Parks was ordered to search his cell, but nevertheless maintains that Parks confiscated Plaintiff's religious

---

[1] AR 810.2 Faith Group Overview Chart states that "[o]il, anointing oil- Standard baby oil (mineral oil) is allowable to all faith groups and is "available from the Canteen only." (ECF No. 27-11 at 3.)

[2] AR 711 provides that inmates may not possess property that is not authorized. (ECF No. 27-15 at 3.)

| | |
|---|---|
| 1 | property because Plaintiff was a practicing Wiccan. (ECF No. 33 at 19- |
| 2 | 21; Pl. Aff., ECF No. 34-7 at 20-26.) Plaintiff contends that Parks |
| 3 | searched only Plaintiff's property, not his cellmate's, and took only |
| 4 | religious property items, including baby oil seeds and flowers. (ECF No. |
| 5 | 33 at 20; Pl. Aff., ECF No. 34-7 at 21.) Plaintiff claims that he told Parks |
| 6 | that the property was authorized and he planned to use it in the Full Moon |
| 7 | Lunar Esbat ceremony, and Parks said: "You are not authorized to have |
| 8 | group items in your cell-you have been told this." (*Id*.) Plaintiff asked |
| 9 | him why the officers kept taking his religious property and frustrating his |
| 10 | religious practices, and asserts that Parks became irritated and said: |
| 11 | "Perhaps you should change your religion and your problems will go |
| 12 | away." (ECF No. 33 at 20; Pl. Aff., ECF No. 34-7 at 21-22; *see also* |
| 13 | Gibson and Altamirano Declarations, ECF Nos. 34-5 at 11-16.) Parks also |
| 14 | disputes that the bottle was altered, claiming that the property room |
| 15 | sergeant had placed tape on the bottle, and Parks removed the tape, |
| 16 | altering the bottle. |
| 17 | (ECF No. 33 at 28.) |
| 18 | The court finds that there are genuine disputes as to material facts |
| 19 | concerning whether Parks confiscated items from Plaintiff's cell during |
| 20 | a search because of Plaintiff's First Amendment activity, whether this |
| 21 | conduct chilled Plaintiff's exercise of his First Amendment rights, and |
| 22 | whether the action reasonably advanced a legitimate correctional goal. |

(ECF No. 66 at pp. 28-31.)

The court assumes that by repeating this content of the Report and Recommendation which allowed one claim to proceed will assist Plaintiff in understanding the parameters of his lawsuit and which of his numerous exhibits the Defendant's - and the court's - attention should be focused.

**IT IS HEREBY ORDERED** that Plaintiff shall have to and including **Friday, September 7, 2018**, in which to advise the court of the relevancy as to *each* proposed exhibit Plaintiff wishes the court

(and Defendant) to still consider with respect to his motion for partial summary judgment. Plaintiff will not have to refile the exhibits.

**IT IS FURTHER ORDERED** that all briefing on Plaintiff's Motion for Partial Summary Judgment (ECF No. 183) is **STAYED** until the court rules on Plaintiff's Motion for Leave of Court to File Supporting Exhibits in Support of Motion for Partial Summary Judgment (ECF No. 184).

DATED: August 16, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE