# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSEPH M. ANDERSON,

     Plaintiff,

v.

THE STATE OF NEVADA, *et al.*,

     Defendants.

Case No.: 3:16-cv-00056-RCJ-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 183, 193

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Partial Summary Judgment. (ECF Nos. 183 (motion), 184-1 to 184-18 (exhibits), 189 (exhibit list)[1].) Defendant filed a response. (ECF No. 194.) Plaintiff filed a reply. (ECF No. 196.)

Also before the court is Defendant's Renewed Motion for Summary Judgment. (ECF No. 193.) Plaintiff filed a response. (ECF No. 199.) Defendant filed a reply. (ECF No. 204.)

After a thorough review, it is recommended that both motions be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 7.) The

---

[1] *See* ECF No. 191 where the court had required Plaintiff to provide an explanation of the relevance of the voluminous exhibits, and he failed to do so with respect to exhibits 3, 5, 6, 7, 8, 11, 12, 13, 14, 16, 18, 23, 33, 34, 38, 42, 49, 53, 56, 57, 58, 59, 61, 64 and 66; therefore, the court indicated it would not consider those exhibits.

events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id.*) The only remaining defendant is Jethro Parks.

Plaintiff originally sued for violations of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and civil rights conspiracy. (ECF No. 1-2.) The court screened the complaint, allowing certain claims to proceed and dismissing others with leave to amend. (ECF No. 5.) Upon amendment, the court allowed Plaintiff to proceed with the RLUIPA, First Amendment retaliation, equal protection and civil rights conspiracy claims, but dismissed a due process claim with prejudice. (ECF Nos. 7, 8.)

The defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust administrative remedies and statute of limitations defenses as to certain claims, and that the retaliation claim against Parks failed on the merits. (ECF No. 27.) The undersigned issued a report and recommendation that the motion for summary judgment be granted, except as to the retaliation claim against Parks because of disputed factual issues. (ECF No. 66.) Both parties objected (ECF Nos. 69, 70), and District Judge Jones overruled the objections and accepted and adopted the report and recommendation in full. (ECF No. 76.) Plaintiff moved for reconsideration (ECF Nos. 80), and District Judge Jones denied the motion (ECF No. 139).

Therefore, the only remaining claim is the retaliation claim against defendant Parks.

Plaintiff alleges that Parks subjected him to oppressive cell searches because of his religion (he identifies as a Wiccan), which were intended to chill his right to practice his religion without advancing any legitimate penological goal. (ECF No. 7 at 9.) He claims that Parks told him the oppressive cell searches would stop if he changed his religion. (*Id.*)

When Parks previously moved for summary judgment, he argued that he did not search Plaintiff's cell or confiscate property due to his First Amendment conduct, but instead he followed orders to conduct random cell searches for safety and security reasons. He asserted that during the search he confiscated a bottle of an unknown liquid which Plaintiff claimed was baby oil. Baby oil was permitted religious property, but if property is altered in any way it is considered contraband subject to confiscation. Parks maintained that the baby oil was in a bottle with a label held on with tape, which is not the way Plaintiff would have purchased it, and made it impossible for the prison staff to verify its contents. For this reason, he confiscated it.

Plaintiff, on the other hand, did not dispute Parks may have been ordered to search his cell, but maintained that Parks confiscated the baby oil because Plaintiff was a practicing Wiccan. Plaintiff claimed: that Parks only searched Plaintiff's property, and not his cellmate's; Parks took only religious property items; that he told Parks the property was authorized and he planned to use it in a Wiccan ceremony, and Parks said, "You are not authorized to have group items in your cell—you have been told this."; Plaintiff asked him why officers kept taking his religious property and frustrating his religious practices, and Parks said, "Perhaps you should change your religion and your problems will go away." In addition, Plaintiff disputed the bottle was altered.

The court found there was a genuine dispute as to various material facts concerning whether Parks confiscated items from Plaintiff's cell because of Plaintiff's First Amendment activity, whether this chilled Plaintiff's exercise of his First Amendment rights, and whether the action reasonably advanced a legitimate correctional goal. Following this, the court opened discovery and set a new dispositive motions deadline. (ECF No. 84.)

Plaintiff filed a motion for partial summary judgment arguing that there is evidence that Parks followed orders to conduct a targeted search of only Plaintiff's property, to confiscate his religious property, and that this was part of a custom of subjecting Plaintiff to these cell searches in an attempt to modify his spiritual behavior. (ECF No. 183.) While he titles his motion as one for partial summary judgment, he moves for summary judgment as to the only remaining claim.

Parks' renewed motion for summary judgment argues that he is entitled to qualified immunity, and incorporates by reference the facts and exhibits presented on this claim in the original motion for summary judgment. (ECF No. 193.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-50. As to materiality, only disputes over facts that might affect the

4

1   outcome of the suit under the governing law will properly preclude the entry of summary

2   judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

3          In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

4   "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

5   come forward with evidence which would entitle it to a directed verdict if the evidence went

6   uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

7   the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

8   *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted).

9   In contrast, when the nonmoving party bears the burden of proving the claim or defense, the

10  moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

11  element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot

12  establish an element essential to that party's case on which that party will have the burden of proof

13  at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

14          If the moving party satisfies its initial burden, the burden shifts to the opposing party to

15  establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

16  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

17  dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

18  be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W.*

19  *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation

20  marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of

21  fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S.

22  at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely

23  on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50 (citations omitted).

## III. DISCUSSION

**A. Plaintiff's Motion**

Preliminarily, the court notes that Plaintiff argues that he exhausted administrative remedies and that his claim is within the statute of limitations even though Defendants have not asserted the exhaustion or statute of limitations defenses as to this claim. Therefore, the court need not consider those arguments.

As the court advised the parties previously, "[s]ection 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams,* 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a claim consists of five elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)) (internal quotation marks omitted).

6

1    Plaintiff argues that he is entitled to summary judgment because he has evidence that Parks

2    conducted a targeted search of only his property in an effort to confiscate his religious items, that

3    was part of a larger effort to modify Plaintiff's spiritual behavior.

4    Plaintiff presents his own affidavit stating that on July 12, 2014, Parks searched his cell;

5    searched only Plaintiff's property (not his cellmate's), and confiscated certain items that were his

6    religious property items. (Pl. Aff. ECF No. 184-8 at 15-16 ¶¶ 1-5.) The confiscated items included

7    what Parks characterized as a bottle with unknown liquid inside, which we now know was baby

8    oil. Parks told Plaintiff he was confiscating the items because they were considered contraband.

9    (*Id.* at 16-17 ¶ 7.) Plaintiff told Parks that he was a Wiccan practitioner and that he needed the

10   items  for upcoming faith-related events. Plaintiff asked Parks why his cell was constantly being

11   searched and his religious items taken, and Plaintiff maintains that Parks responded: "Maybe you

12   should change your religion and your problems will stop." (*Id.* at 17 ¶¶ 6-8.) He also submits the

13   declarations of inmates Altamirano and Gibson, who state that they overheard this exchange.

14   (Gibson Decl., ECF No. 184-8 at 57 ¶ 15; Altamirano Decl., ECF No. 184-8 at 61 ¶ 10.)

15   Plaintiff contends that he asked Parks for an unauthorized property form so he could

16   dispute the confiscation of the items with the property room and through the grievance procedure.

17   (Pl. Aff., ECF No. 184-8 at 17 ¶ 8.) He claims that Parks went to the office and prepared the form,

18   and Plaintiff signed it. (*Id.* ¶ 9.) Gibson and Altamirano state in their declarations that they

19   observed Parks display the confiscated property to the unit correctional officers; give it to a search

20   and escort officer who examined it and handed it back to Parks; and then Altamirano saw Parks

21   throw the property in the trash. (Gibson Suppl. Decl., ECF No. 184-8 at 65, 67, 184-9 at 1; Gibson

22   Decl., ECF No. 184-8 at 58 ¶ 25; Altamirano Suppl. Decl., ECF No. 184-9 at 10.) Plaintiff went

23

to the property room to have the property sergeant locate the confiscated property with no success. (Pl. Aff., ECF No. 184-8 at 19 ¶¶ 21, 22.)

Plaintiff asserts that the baby oil bottle was not altered as the original label was still attached to the bottle. (ECF No. 183 at 27.)

Parks disputes Plaintiff's version of events, and in particular the nature of the exchange between Parks and Plaintiff, and whether third parties could have witnessed the cell search. As he did in his own motion for summary judgment, Parks maintains that he searched the cell and confiscated items that were unauthorized because he was ordered to do so as part of a number of random cell searches, and not because of Plaintiff's faith. Parks also argues that Plaintiff admitted in his grievance that the label on the bottle had been altered. Parks incorporates the declaration and evidence filed in support of the original motion for summary judgment.

The parties have presented essentially the same facts as were raised Defendants' original motion for summary judgment and Plaintiff's response with Plaintiff submitting additional corroborating evidence. As the court found with respect to the prior motion, the court concludes again that there are genuine disputes as to material facts that preclude the entry of summary judgment in Plaintiff's favor.

As with the original motion, there is a dispute of fact as to Parks' intent behind executing the search and confiscating the items from Plaintiff's cell. Parks maintains that he was ordered to conduct random searches, and confiscated the items, including the baby oil bottle, because it was altered and deemed contraband. Plaintiff, on the other hand, presents evidence that when he asked Parks why his cell was being searched so often and why his religious property kept being taken, Parks responded that if he changed his religion perhaps his problems would go away. Thus, there is a dispute as to the causation element—whether the search and confiscation were done because

of Plaintiff's religion, or pursuant to prison policy concerning searches and contraband confiscation.

This statement, which Parks disputes making, is also evidence that if believed by a jury tends to show conduct that would chill a person of ordinary firmness from practicing his religion in the future.

If a jury believes that Parks did not make this statement and that the bottle was indeed altered, Parks presents credible evidence that the search and confiscation were in furtherance of a legitimate correctional goal. If a jury believes Plaintiff's version of events—that Parks made that statement, and the bottle was not altered—there is credible evidence that Parks' search and confiscation were not in furtherance of a legitimate correctional goal.

The court's function at the summary judgment stage is not to weigh the evidence or make credibility determinations. That is the province of the fact finder at trial. In light of these disputed factual issues, Plaintiff's motion for summary judgment should be denied.

**B. Parks' Motion—Qualified Immunity**

Parks now argues he is entitled to qualified immunity. First, Parks contends that Plaintiff admitted in his grievance that the bottle of baby oil was altered—that it had an altered label, and that Plaintiff claimed it had allegedly been altered in 2008 by a different correctional officer. (A at 7.) Since the label was altered, Parks could not have known what was in the bottle when he searched the cell, and because it was altered it was contraband. Parks maintains, as he did previously, that he confiscated the bottle because it was contraband, not because of Plaintiff's faith. As a result, Parks argues that Plaintiff cannot demonstrate Parks retaliated against him based on his faith.

Second, Parks argues the law was not clearly established that Parks' confiscation of the bottle would violate Plaintiff's First Amendment rights. Specifically, he asserts it was not clearly established that confiscating a bottle of unknown liquid with an altered label would not serve a legitimate correctional goal.

The qualified immunity analysis consists of two steps: (1) viewing the facts in the light most favorable to the plaintiff, did the defendant violate the plaintiff's rights; and (2) was the right clearly established at the time the defendant acted. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017).

Parks' motion fails at both steps.

First, Parks motion ignores that there are still disputed material facts, and most importantly, there is a dispute as to whether Parks told Plaintiff when he confiscated the bottle that maybe he should change his religion and his religious property would be stop being confiscated. This goes to whether the bottle was confiscated because of Plaintiff's religion and whether the confiscation reasonably advanced a legitimate correctional goal. In addition, taking the facts in the light most favorable to Plaintiff  (the non-moving party with respect to the qualified immunity motion), even if ordered to search Plaintiff's cell, Parks searched only Plaintiff's property and not his cellmate's; he took only religious property; Plaintiff told Parks the property was authorized and he planned to use it in the Wiccan ceremony; and when he was confiscating the property, Parks told Plaintiff that if he changed his religion his religious property might stop being confiscated. These facts, if believed by the jury, are sufficient to support a finding that Parks retaliated against Plaintiff. *See Tolan v. Cotton,* 572 U.S. 650, 657 (2014) (inferences must be drawn in favor of the non-movant, and the court may not resolve genuine disputes of fact in favor of the party seeking summary judgment).

Second, it was clearly established at the time of this incident that if an officer took adverse action against an inmate, such as confiscating an inmate's property because of the inmate's religion, he could be liable for retaliating against the inmate. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Therefore, Parks' renewed motion for summary judgment should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order: (1) **DENYING** Plaintiff's motion for summary judgment (ECF No. 183); and (2) **DENYING** Parks' renewed motion for summary judgment (ECF No. 193).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  January 8, 2019.

William G. Cobb

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE